OPINION OF THE COURT
Arnold Guy Fraiman, J.
This is a motion by plaintiff for summary judgment pursuant to CPLR 3212 setting aside a union election for business representative on the ground that the successful candidate was ineligible to run, under the union’s constitution. Defendant union cross-moves to dismiss the complaint on the ground of lack of jurisdiction of the subject matter and on the further ground that the winning candidate was, in fact, eligible.
Plaintiff and one Daniel French were both candidates for the position of business representative of Local 490 of the defendant union in an election scheduled for June, 1976. A week before the election, a union official found French to be ineligible to run for office on the ground that he had not been in continuous good standing in his local union for three years prior to the date of his nomination. However, the general president of the union ruled that he was eligible, and directed that his name be placed on the ballot. Thereafter, and before the election was held, plaintiff commenced a proceeding in the United States District Court for the Southern District of New York and obtained a temporary restraining order restraining the election from being held. That order remained in effect until November, 1976, when it was vacated by the District Court, and plaintiff’s action was dismissed for lack of jurisdiction. The election was then rescheduled for January 10, 1977 *304 but prior thereto, plaintiff commenced the instant action seeking to strike French’s name from the ballot and for a declaration that he was ineligible to be a candidate for business representative. At the same time plaintiff sought a preliminary injunction enjoining the union from holding the election. The motion for a preliminary injunction was denied by the court (Riccobono, J.), which held that plaintiff had not shown that he would be irreparably injured should the election proceed. In so holding, however, the court noted that "it is not persuaded that it is without jurisdiction to adjudicate the underlying merits of this action at the proper time.” Following the denial of the motion for a preliminary injunction, the election was held on the rescheduled date, and French was duly elected.
Plaintiff argues that French was ineligible to be a candidate by reason of section 151 (a) of the union’s constitution. This provides that in order to be eligible for election as business representative a candidate must have been "in continuous good standing in his local union for three years prior to the date of nomination”. It is claimed that French did not meet this qualification because of his failure to pay his dues on a regular basis. Section 120 of the constitution, entitled "Automatic Suspension of Members for Failure to Pay Dues”, provides in subdivision (a) that "any member indebted for three months’ dues * * * shall stand suspended, neither a vote of the local union nor a hearing being required to suspend him.” Section 122 provides that a suspended member may be reinstated at any time within three months of his suspension on payment of all back dues and arrearages and a $10 reinstatement fee.
In French’s case, it is undisputed that he has been a life member of the union since 1969, that is, a member who is over 60 years old and has been in continuous good standing for 25 years prior to his designation. (Const, § 104 [a].) The title would appear to be principally an honorary one, entitling the holder thereof to a certificate and an appropriate pin, but it also has at least one material benefit, namely, that, unlike regular members, a life member is exempt from dues payments when not working at the trade. But while working, the constitution (§ 104 [e]) requires him to pay all local union and/ or district council dues. The financial records of Local 490, attached to the moving papers, and not refuted by defendant, show that French was obligated to pay dues for the months of *305 January, February, April, May and June, 1974, but did not do so until August 5, 1974; that he was in arrears for his August, October and November, 1974 dues and did not pay them until December, 1974; and that he did not pay dues for January, February and March, 1975 although required to do so, until May 19, 1975. Thus, in three instances during the three-year period prior to French’s nomination, he was indebted for three months’ dues, and under section 120 (a) he was thereby automatically suspended on each such occasion, and remained suspended until he paid his back dues and reinstatement fee. Accordingly, he was not in "continuous good standing” for three years prior to his nomination, and was therefore ineligible as a candidate for election under section 151 (a).
 Defendant seeks to avoid this seemingly obvious conclusion on two grounds: First, it argues that the court does not have jurisdiction of the subject matter of this action because a dispute concerning qualifications for union office is exclusively within the purview of title 4 of the Labor-Management Reporting and Disclosure Act (LMRDA) (US Code, tit 29, § 481 et seq.). This provides for an investigation of any such dispute by the Secretary of Labor, who is required to commence an action in the Federal District Court in the event he finds probable cause that the statute has been violated. It has been held that Federal court has exclusive jurisdiction in such cases. (Calhoon v Harvey, 379 US 134.) However, absent exclusive Federal jurisdiction, the State courts have jurisdiction to decide whether a union has abided by its rules or constitution. (Carroll v Associated Musicians of Greater N. Y., Local 802, 235 F Supp 161, 174.) In the instant case, in the course of the proceeding in Federal Court in the Southern District referred to above, a representative of the United States Department of Labor formally advised the Judge that title 4 was not here applicable because the position of business representative was not an "office” under that title. Further, in response to a letter to the Department of Labor from plaintiff’s attorneys requesting it to conduct an investigation pursuant to LMRDA, the department, by its Deputy Area Administrator responded that it would not intervene in the dispute "because business representatives in this union [Local 490] are not officers. Title IV * * * limits our jurisdiction to elections involving officers of a labor organization.” Support for the position of the Department of Labor is found in the union’s constitution itself which specifically states (§ 147 [c]) that a *306 business representative shall not be considered an officer. Finally, it ill behooves defendant to argue that this court lacks jurisdiction in this matter, after having successfully persuaded the Federal court that it was without jurisdiction, by reason of the fact that jurisdiction was vested here.
The second ground raised by defendant in opposition to plaintiffs motion is that he is a life member, and there is precedent in this union in such cases, where the dues arrearages were rectified before nomination, to allow such an individual to run for business representative. This argument is readily disposed of. Even assuming the existence of such a precedent, it cannot be used as a basis or justification for flouting the plain language of the union’s constitution. For all the foregoiong reasons, plaintiffs motion for summary judgment is granted and defendant’s cross motion is denied. Settle order providing for a new election for the office of business representative of Local 490 within 90 days from this date. Pending the outcome of such election, so that there will be no hiatus in the union’s affairs, French may continue to serve as the union’s business representative.